## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

*Gifford, et al. v. Calco, Inc., et al.*, Case No. A03-019 CV (RRB)

This Settlement Agreement and Mutual Release of All Claims ("Agreement") is entered into this ____ day of May, 2006. The parties to the Agreement and Release are: former trustee Rick Gifford, John Grubich, Tom Healy, the Alaska Public Utilities Insurance Trust (collectively and individually, the "APUIT Plaintiffs"), Calco, Inc., D. Bailey "Cal" Calvin, Jr., Diana J. Stewart (collectively and individually, the "Calco Defendants"), and Caprice Simmons ("Simmons").

### RECITALS

1. The APUIT Plaintiffs filed a lawsuit against the Calco Defendants and Simmons alleging that they were liable for certain losses suffered by the APUIT while the Calco Defendants and Simmons served as third-party administrators to the APUIT. That suit is now pending in the U.S. District Court for the District of Alaska at Anchorage and is captioned *Gifford, et al. v. Calco, Inc., et al.*, Case No. A03-019 CV (RRB).

2. The parties have engaged in settlement negotiations for the purpose of resolving any and all disputes between them relating to the Calco Defendants' and Simmons' service as the APUIT's third-party administrators, including all claims of embezzlement asserted by APUIT against Simmons and the Calco Defendants. It is the desire of all parties to this Agreement to settle, compromise and forever discharge all matters between and among them that arose during that service.

### AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises contained in this Settlement Agreement and Mutual Release, and for other good and valuable consideration, the parties agree as follows:

1. **Correctness of Recitals:** The recitals set forth above are incorporated by reference and made a part of this Settlement Agreement and Mutual Release.

2. **Stipulation for Dismissal with Prejudice:** The parties shall, at the time of the execution of this Agreement, execute any necessary Stipulations for Dismissal of all suits, or other actions now pending regarding issues covered by this settlement. The dismissals will be with prejudice.

3. **Settlement Payment:** The Calco Defendants and Simmons shall pay the APUIT Plaintiffs the sum of $290,000 within 10 business days of the execution of this agreement by the APUIT Plaintiffs. All settlement funds shall be made payable to: Law Offices of Michael J. Schneider, P.C., in trust for the Alaska Public Utilities Insurance Trust (TIN 92-0140052). If payment is not received by the dates specified, the unpaid amount of the settlement shall bear interest at the legal rate until fully satisfied.

4. **Release Provisions:** The parties to this Agreement, except as provided below in Paragraph 6 (concerning a mutual reservation of rights to enforce the terms, covenants and conditions of this Agreement), do hereby release and forever discharge each other party and each other party's parent organizations, affiliates, subsidiaries, shareholders, employees, servants,

agents, officers, directors, insurers (expressly including, but not limited to, Fireman's Fund Insurance Company, and Kemper Surplus Lines Insurance Company), bonding companies, attorneys, successors in interest and assigns from any and all actions, causes of action, suits, controversies, demands, obligations, rights, cost, contribution, indemnity, claims and damages of every kind and nature that have accrued or are accruing or that may accrue in the future and that arise from, relate to, or are in any way connected to the subject matter of the lawsuit, including, but not limited to, any claims that were or could have been asserted for any type of damages. Without limiting the foregoing, the matters released include any claims for indemnification, contribution or allocation of fault that were or could have been asserted by any party to this agreement as a result of the matters settled herein. In addition to the foregoing, the APUIT Plaintiffs specifically release all claims against Simmons relating to the charges of embezzlement, theft and healthcare fraud that were raised in the criminal matter of *United States of America v. Caprice M. Simmons*, Case No. A02-0029-CR (JWS) and acknowlege that payments made to date and the settlement reached in *Gifford, et al. V. Calco, Inc., et al*, Case No. A03-019 CV (RRB) satisfy the restitution judgment entered against Simmons to APUIT in Case No. A02-0029-CR (JWS).

5. **Costs and Attorneys' Fees:** The parties to this Agreement agree to bear their own costs, attorneys' fees, and expenses resulting from or in any way connected with the claims settled by this Agreement.

6. **Covenant Against Further Action:** The parties covenant and agree that except as to any action needed to enforce the terms of this Agreement, they will not, either individually or in concert with others, or by virtue of further arbitral, contractual or judicial proceedings of any kind whatsoever, make or cause to be made, acquiesce in or assist in the bringing of any further action against any released party for damages or compensation of any kind, character or description, accrued, accruing or hereafter to accrue, whether by assignment or otherwise, and relating to or in any way connected with the subject matter of the lawsuit, the claims settled by this Agreement, or the matters released herein.

7. **No Admissions of Wrongdoing or Liability:** Nothing herein shall be deemed to be an admission of liability, illegality, impropriety, breach of contract or responsibility by the parties to this Agreement, the same being expressly and unequivocally denied and the defendants vigorously dispute the legitimacy of the Plaintiffs' claims.

8. **Scope of Matters Released:** The parties to this Agreement represent that they are familiar with the decision of the Alaska Supreme Court in *Witt v. Watkins*, 579 P.2d 1065 (Alaska 1978), but state that they nevertheless intend that this Agreement shall discharge each of the parties from liability for damages caused or enhanced or aggravated or contributed to by any of the parties, whether such damage is subsequently discovered or is different in degree or kind than is now alleged, known, anticipated, or expected. It is specifically understood and agreed by and among the parties that the mutual covenants herein contained are undertaken, and the payment of the consideration herein described is made in order to obtain the release fully, finally, and completely from whatever claims, known or unknown, which may now or hereafter result from the subject matter of the lawsuit, the claims settled by this Agreement, or the matters released herein.

9. **Voluntary Agreement:** It is acknowledged by the parties to this Agreement that they are familiar with the Alaska Supreme Court decision in *Totem Marine T. & B. v. Alyeska Pipeline, et al.*, 584 P.2d 15 (Alaska 1978), and they specifically acknowledge freedom of choice and represent that they understand that they do not need to agree to the terms of this Agreement and they further acknowledge the availability of other reasonable alternatives and adequate remedies but have nonetheless freely, voluntarily, and intelligently chosen not to pursue same for purposes of making with each other a full and final compromise, adjustment, and settlement of any and all claims, disputed or otherwise, arising out of or in any way connected with the matters released hereinabove.

10. **Scope of Parties Released:** All parties acknowledge that they are familiar with the decision of the Alaska Supreme Court in *Young v. State*, 455 P.2d 889 (Alaska 1969), which stands for the general proposition that a release of liability as to one party does not release other possible jointly liable parties unless such other possibly liable parties are specifically named in the release. All parties hereby waive any and all protections afforded by said decision and represent that it is their intent and desire to fully release all individuals, firms or corporations who could at any future date be possible defendants in any action arising out of the claims settled by this Agreement.

11. **Capacity:** The parties to this Agreement state, allege, and aver that they are legally capable and have the full legal capacity to make and to execute this Agreement. The parties to this Agreement warrant that they have the authority to execute this Agreement and have not assigned or transferred any claims that are within the scope of this Agreement to any third parties.

12. **No Reliance on Representations:** The parties to this Agreement acknowledge that no promise or inducement which is not herein expressed has been made, and in executing this Agreement they are not relying on any statement or representation made by any other party or its representatives concerning the nature of any damages or legal liability therefor.

13. **Integration:** The parties to this Agreement hereby represent and warrant that they have had an opportunity to review this Agreement with their legal counsel and that they fully understand the terms of this Agreement. The parties to this Agreement are fully aware of the rule of construction that an agreement is more strictly construed against the draftsperson, but agree that this rule shall not apply in any interpretation of this Agreement. As between the parties to this Agreement, this Agreement represents an integration of and supersedes all prior representations, understandings and agreements touching upon or in any way concerning the subject matter of this Agreement. The parties to this Agreement hereby release any right that they may now have or hereafter acquire to reform, rescind, modify, or set aside this Agreement for any mutual or unilateral mistake or otherwise. The risk of any such uncertainty or mistake is assumed by the parties to this Agreement in consideration of the mutual promises as set forth hereinabove for the purpose of making a full and final compromise and settlement of any and all claims, disputed or otherwise, arising out of the matters released herein.

14. **Choice of Law and Venue:** This Agreement is governed by the laws of the State of Alaska and any dispute arising hereunder shall be resolved in and by the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

15. **Counterparts:** This Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be an original; but such counterparts shall together constitute but one and the same instrument. Signatures transmitted by facsimile and/or electronically are valid to bind the signor and/or the interests he/she represents.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

CAUTION: READ THE FOREGOING CAREFULLY BEFORE SIGNING. THE UNDERSIGNEDS HAVE READ THE FOREGOING RELEASE AND FULLY UNDERSTAND IT.

ALASKA PUBLIC UTILITIES
INSURANCE TRUST

Dated: 5/11/06

By: Tom Healy
Individually and as its Trustee

Subscribed and sworn to before me this 11th day of May, 2006

STATE OF ALASKA
NOTARY PUBLIC
Janette M. Bower
My Commission Expires Aug 16, 2009

Notary Public for the State of Alaska
My Commission Expires: 8/16/09

Dated: _____

By: John Grubich
Individually and as its Trustee

Subscribed and sworn to before me this ____ day of May, 2006

_____
Notary Public for the State of Alaska
My Commission Expires: _____

Dated: _____

By: Kirsten Vesel
Its Trustee

Subscribed and sworn to before me this ____ day of May, 2006

_____
Notary Public for the State of Alaska
My Commission Expires: _____

Settlement Agreement & Release

EXHIBIT A
PAGE 5 OF 13

Page 5 of 7

05/23/2006  16:05    9072748201                                              PAGE  06

## CAUTION: READ THE FOREGOING CAREFULLY BEFORE SIGNING.
## THE UNDERSIGNEDS HAVE READ THE FOREGOING RELEASE AND
## FULLY UNDERSTAND IT.

ALASKA PUBLIC UTILITIES
INSURANCE TRUST

Dated: _____

By: Tom Healy
Individually and as its Trustee

Subscribed and sworn to before me this ____ day of May, 2006

_____
Notary Public for the State of Alaska
My Commission Expires: _____

Dated: 5/24/2006

By: John Grubich
Individually and as its Trustee

Subscribed and sworn to before me this 24 day of May, 2006

LINDA HUNT
OF DOUGLAS COUNTY
A NONRESIDENT NOTARY PUBLIC
NO: 02-72826-5

Notary Public for the State of ~~Alaska~~ Nevada
My Commission Expires: 12-4-09

Dated: 5/12/06

By: Kirsten Vesel
Its Trustee

Subscribed and sworn to before me this 12 day of May, 2006

Notary Public for the State of Alaska
My Commission Expires: 7-23-07

Settlement Agreement & Release                           Page 5 of 7

EXHIBIT  A
PAGE  6  OF  13

CAUTION: READ THE FOREGOING CAREFULLY BEFORE SIGNING. THE UNDERSIGNEDS HAVE READ THE FOREGOING RELEASE AND FULLY UNDERSTAND IT.

ALASKA PUBLIC UTILITIES
INSURANCE TRUST

Dated: _____

By: Tom Healy
Individually and as its Trustee

Subscribed and sworn to before me this ____ day of May, 2006

_____
Notary Public for the State of Alaska
My Commission Expires: _____

Dated: _____

By: John Grubich
Individually and as its Trustee

Subscribed and sworn to before me this ____ day of May, 2006

_____
Notary Public for the State of Alaska
My Commission Expires: _____

Dated: 5/12/06

*/s/ Kirsten Vesel*
By: Kirsten Vesel
Its Trustee

Subscribed and sworn to before me this _12_ day of May, 2006

*/s/ Sarah A. Spanos*
Notary Public for the State of Alaska
My Commission Expires: 7-23-07

[Notary Seal: SARAH A. SPANOS, NOTARY PUBLIC, STATE OF ALASKA, My Commission Expires: 7/23/2007]

Settlement Agreement & Release

EXHIBIT A — Page 5 of 7
PAGE 7 OF 13

**RICK GIFFORD**
**Individually and as former Trustee**

Dated: 5/11/06                    _____
                                  Rick Gifford

Subscribed and sworn to before me this 11th day of May, 2006



_____
Notary Public for the State of Alaska
My Commission Expires: 12-22-2007

**CALCO, INC.**

Dated: 5/26/06                    _____
                                  By: D. Bailey "Cal" Calvin, Jr.
                                  Its President

Subscribed and sworn to before me this 26 day of May, 2006



_____
Notary Public for the State of Alaska
My Commission Expires: 7/20/06

**D. BAILEY "CAL" CALVIN, JR.**

Dated: 5/26/06                    _____
                                  D. Bailey "Cal" Calvin, Jr.

Subscribed and sworn to before me this 26 day of May, 2006

_____
Notary Public for the State of Alaska
My Commission Expires: 7/20/06

Settlement Agreement & Release                EXHIBIT 4   Page 6 of 7
                                              PAGE 8 OF 13

DIANA J. STEWART

Dated: 5-25-06

_Diana J. Stewart_ (signed)
Diana J. Stewart

Subscribed and sworn to before me this 25th day of May, 2006.

_Pamela McKibben_ (signed)
Notary Public for the State of Alaska
My Commission Expires: 7/20/06

[Notary seal: PAMELA J. McKIBBEN, NOTARY PUBLIC, STATE OF ALASKA, My Commission Expires July 20, 2006]

CAPRICE SIMMONS

Dated: _____

_____
Caprice Simmons

Subscribed and sworn to before me this ___ day of May, 2006

_____
Notary Public for the State of Alaska
My Commission Expires: _____

**DIANA J. STEWART**

Dated: _____        _____
                                Diana J. Stewart

Subscribed and sworn to before me this ____ day of May, 2006

_____
Notary Public for the State of Alaska
My Commission Expires: _____

**CAPRICE SIMMONS**

Dated: 5/25/06        *Caprice Simmons* (signature)
                       Caprice Simmons

Subscribed and sworn to before me this 25 day of May, 2006

*Natalie Alston* (signature, with notary seal: NATALIE N. ALSTON, NOTARY PUBLIC, STATE OF ALASKA)
Notary Public for the State of Alaska
My Commission Expires: 10/9/09

Settlement Agreement & Release

EXHIBIT A
PAGE 10 OF 13

Page 7 of 7

DOUGLAS S. PARKER
PRESTON GATES & ELLIS LLP
420 L Street, Suite 400
Anchorage, AK 99501-1937
Telephone: (907) 276-1969

Attorneys for Calco Defendants

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICK GIFFORD, JOHN GRUBICH and TOM HEALY, as fiduciaries of and solely for the benefits of the ALASKA PUBLIC UTILITIES INSURANCE TRUST,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CALCO, INC., D. BAILEY "CAL" CALVIN, JR., DIANA STEWART, and CAPRICE SIMMONS,<br><br>　　　　　　　　　Defendants. | Case No. A03-019 CV (RRB)<br><br>**STIPULATED DISMISSAL AND ORDER** |

　　　The parties in the above-captioned action, by and through their undersigned attorneys and pursuant to Fed. R. Civ. P. 41(a)(1), hereby stipulate that the above-captioned action, and each and every portion thereof, including all claims and counterclaims asserted by any party, have been fully settled and may now be dismissed with prejudice, and without costs or attorneys' fees to any party.

　　　The parties request that this Court enter the Order set forth below dismissing all

STIPULATED DISMISSAL AND ORDER
*Gifford, et al v. Calco, Inc., et al.;* A03-0019 CV (RRB)
Page 1 of 3

EXHIBIT A
PAGE 11 OF 13

claims and counterclaims asserted by any party that were brought in this action.

Dated at Anchorage, Alaska, this 26th day of May, 2006.

PRESTON GATES & ELLIS LLP    ASA 961106?

By: *[signature]*
For: Douglas S. Parker, Alaska Bar No. 8311168
Attorneys for Calco, Inc.; D. Bailey
"Cal" Calvin, Jr. and Diana Stewart


LAW OFFICES OF MICHAEL J. SCHNEIDER, P.C.

By: *[signature]*
Michael J. Schneider, Alaska Bar No. 7510088
Attorneys for Plaintiffs


CLAPP PETERSON, VAN FLEIN, TIEMESSEN & THORSNESS, LLC

By: *[signature]*
Scott Hendricks-Leuning, Alaska Bar No. 9708049
Attorneys for Caprice Simmons

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

STIPULATED DISMISSAL AND ORDER
*Gifford, et al v. Calco, Inc., et al.;* A03-0019 CV (RRB)
Page 2 of 3

EXHIBIT  A
PAGE 12 OF 13

## ORDER OF DISMISSAL

THIS MATTER having been brought on duly and regularly before the undersigned Judge of the above-entitled court, and the Court, having been fully advised in all matters, pursuant to the foregoing stipulation, does herewith:

ORDER, ADJUDGE AND DECREE that the above-entitled action, and each and every portion thereof, and each and every cause of action arising from the matters which are the subject matter of the above-entitled suit, including all claims and counterclaims asserted by any party, are dismissed with prejudice and without costs or attorneys' fees to any party.

SO ORDERED.

Dated this ___5___ day of __July__, 2006.

**REDACTED SIGNATURE**

Honorable Ralph R. Beistline
United States District Court

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

STIPULATED DISMISSAL AND ORDER
*Gifford, et al v Calco, Inc., et al.;* A03-0019 CV (RRB)
Page 3 of 3

EXHIBIT __A__
PAGE __13__ OF __13__