DEBORAH M. SMITH
ACTING UNITED STATES ATTORNEY

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
daniel.cooper@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:02-cr-0029 JWS |
| | ) | |
| Plaintiff, | ) | **OPPOSITION OF THE UNITED** |
| | ) | **STATES TO DEFENDANT'S** |
| vs. | ) | **"NOTICE OF SATISFACTION** |
| | ) | **OF RESTITUTION ORDER"** |
| CAPRICE M. SIMMONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Caprice Simmons has filed a "Notice of Satisfaction of Restitution Order."

The United States opposes the entry of such an order as proposed by Simmons

because such an order would violate principles of rehabilitation[1] and 18 U.S.C. § 3664(j)(1).

18 U.S.C. § 3664(j)(1) provides, in relevant part:

> If a victim has received compensation from insurance or any other sources with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation."

The Ninth Circuit has expressly referred to this statute regarding settlement payments by insurance companies to victims for the defendant's actions. *See, United States v. Follet*, 269 F.3d 996, 999 (9th Cir. 2001) (explaining that the primary issue is that the defendant has an obligation to pay <u>someone</u>, either the victim or the "insurance company or a benefactor who agreed to pay costs attributable to the crime that the victim would otherwise have been required to pay."); *United States v. Cliatt*, 338 F.3d 1089, 1092 (9th Cir. 2003) (applying § 3664 in relation to provisions under § 3663A, the Court said that "a court must order restitution to be paid directly to an insurer (or other source of compensation) if there is a "victim" within the meaning of ...18 U.S.C. § 3663A, and if the third

---

[1] For a detailed review of the general history and role that restitution has played as a criminal penalty, see Neil D. Okazaki, *Notes and Comment: People v. Sexton, Insuring An Absurd Result Through Inflexible Interpretation-The Court Of Appeal Denies Criminal Restitution To A Victim's Insurance Company*, 31 Loy. L.A. L. Rev. 297, 300-302 (1997).

party compensated the victim for some or all of the victim's loss.").

The focus of this statute is the <u>victim</u>'s loss, not the insurance proceeds which will compensate the victim.[2] This court counseled, "The presence of insurance...does not detract from the fact that the *victim* suffered the loss, even if someone else paid for it financially, and even if that someone else is the United States." *Cliatt*, 338 F.3d at 1093.

1. <u>Discussion</u>.

In her Plea Agreement, signed by her on August 9, 2002, Ms. Simmons agreed to pay restitution to Alaska Public Utilities Insurance Trust ("APUIT") in the amount of $129,454.15. Plea Agreement, Section II(D). Pursuant to the Settlement Agreement on the Release of Claims (Settlement), the Calco defendants and Caprice Simmons agreed to pay the plaintiffs $290,000. In her Notice of Satisfaction of Restitution Order, Ms. Simmons requests that her Restitution Order be dismissed due to the Settlement concluded with the victim, APUIT. Pursuant to the terms of the Settlement, Simmons claims that "payment of said restitution has been satisfied." *Notice* at 2. The Government opposes this

---

[2]The Trust's attorney, Mr. William Jermain, reiterated that Ms. Simmons' actions constituted a gross breach of faith and expressed that a restitution order would be an appropriate punishment so that she could sincerely understand the impact of her actions. Attachment to Victim Impact Statement, page 2.

Notice. Ms. Simmons cannot satisfy the Restitution Order through this Settlement for the reasons outlined below.

      A.    <u>APUIT does not have the authority to release Ms. Simmons from her restitution obligation</u>.

The Settlement cannot release Simmons from paying restitution, notwithstanding that APUIT received the full amount of the restitution order. The U.S. government did not authorize or petition for the modification or settlement of restitution, and APUIT does not have the authority to release Ms. Simmons from her court-imposed restitution sentence.

The facts of this care are very similar to those of another case in this District, *United States v. Serrano, et. al.*, A91-034 CR RWL. After being convicted of charges of aiding and abetting in order to obtain improper loans, Mr. Serrano was sentenced to incarceration for 60 months and payment of restitution. Mr. Serrano privately negotiated with the injured party, National Credit Union Association ("NCUA"), for a lump sum settlement of $16,000 to discharge his civil liability with the victim. Mr. Serrano thereafter sought to have this "release" satisfy his amended restitution order of $362,000. However, the settlement was actually paid by his former employer, not Mr. Serrano himself. The Court denied Mr. Serrano's Motion to Modify Restitution. *Order* of Judge Lew at 5.

Generally, contractual agreements cannot trump the jurisdiction of a federal court. *United States v. Cloud*, 872 F.2d 846, 854 (9th Cir. 1989) (affirming the order for the defendant to pay restitution to the insurer). Compare *United States v. Coleman*, 1101 F.2d 1107 (5th Cir. 1993), where the court permitted an agreement regarding restitution owed to a *government agency* that was "adopted and signed by the government with the approval and participation of the same prosecutor who prosecuted the criminal action"; there is no such government agency in Simmons' case. In *Serrano*, the court explained that although NCUA had contractually negotiated to release all claims against Mr. Serrano, it nevertheless lacked "the authority to release Serrano from his restitution obligations." *Order* of Judge Lew at 3. Although Simmons reached a settlement agreement in this case, it cannot free Simmons' from her obligation to now pay Calco's insurer the restitution previously ordered by the court.

Moreover, the United States is entitled to the benefit of the bargain it made in te plea agreement. The United States bargained for the payment of restitution by Caprice Simmons, not a third party insurer. Ms. Simmons must be held to her end of the bargain as well.

      B.    Public policy demands that Simmons remain accountable for her actions.

Ms. Simmons is still obligated to provide restitution to Calco's insurance company. Restitution is ordered in a criminal case not only to make a victim whole financially, but " . . . as a means of achieving penal objectives such as deterrence, rehabilitation or retribution." *Cloud,* 872 F.2d at 854, (quoting *Kelly v. Robinson*, 479 U.S. 36, 52 (1986)). Those goals can not be met if someone else is allowed to pay this order of restitution. Ms. Simmons cannot argue that she is participating in her rehabilitation if she avoids responsibility for paying her victim back for their loss.

## CONCLUSION

Ms. Simmons embezzled approximately $130,000 from an employee pension plan that she helped manage. She did not contribute any of her own funds for the Settlement, the entire amount was paid by insurance proceeds. Allowing Simmons to satisfy restitution in this manner would negate the intended punitive objectives of deterrence, rehabilitation, or retribution. Ms. Simmons' Notice should not be valid, and she should be ordered to continue in her rehabilitation by making significant payments on her restitution obligation.

Dated at Anchorage, Alaska, this 17th day of July, 2006.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ Daniel R. Cooper, Jr.
>Assistant U. S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-3376
>Fax: (907) 271-2344
>E-mail: Daniel.Cooper@usdoj.gov
>AK #8211109

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2006,
a copy of the foregoing OPPOSITION OF THE
UNITED STATES TO DEFENDANT'S "NOTICE
OF SATISFACTION OF RESTITUTION ORDER"
was served electronically on Mary C. Geddes and

Scott Hendricks Leuning (shl@cplawak.com)
Mike Dieni (mike_dieni@fd.org)
U. S. Probation Office

s/ Daniel R. Cooper, Jr.