Scott Hendricks Leuning, Esq.
CLAPP, PETERSON,
VAN FLEIN, TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9273
shl@cplawak.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAPRICE M SIMMONS ) <br> ) <br> Defendant. ) <br> ) | Case No. A02-0029 CR (JWS) |

**REPLY TO OPPOSITION TO NOTICE OF
SATISFACTION OF RESTITUTION ORDER**

The United States' Opposition to the Notice of Satisfaction of the Restitution Order in this case is based upon a misinterpretation of 18 U.S.C. § 3664. The United States relies upon 18 U.S.C. § 3664(j)(1) to argue that the underlying settlement in a civil lawsuit cannot satisfy the restitution in this case. However, because the satisfaction of the restitution order was the result of a civil lawsuit that was filed by the Alaska Public Entity Insurance against Ms. Simmons and her former employers, the appropriate statutory authority that this Court must examine to assess Ms. Simmons' restitution order is 18 U.S.C. § 3664(j)(2). A brief

Reply to Opposition to
Notice of Satisfaction of Restitution Order
<u>Gifford v. SIMMONS</u>, Case No. A03-0019 CV
Page 1 of 6

examination of this issue demonstrates that Ms. Simmons' restitution has been satisfied and an Order should be issued from this Court noting this satisfaction and ceasing future payment obligations from Ms. Simmons.

As was noted in the underlying Notice of Satisfaction of Restitution, the victim in this criminal case, Alaska Public Entity Insurance Trust ("APUIT"), recovered the entire amount that was embezzled by Ms. Simmons as a result of a separate civil lawsuit that was filed by APUIT against Ms. Simmons and her former employer, CALCO, Inc. In that lawsuit APUIT alleged specific claims of breach of fiduciary duty relating to the embezzlement scheme consummated by Ms. Simmons. See Complaint, Gifford, et.al. v. CALCO et.al., A03-019 CV (RRB), attached as Exhibit A. All of the defendants in the civil lawsuit, including Ms. Simmons, answered APUIT's complaint. See Answers of Defendants, attached as Exhibit B. As was previously noted in the underlying Notice of Satisfaction of Restitution, all of the claims raised in APUIT's civil lawsuit were resolved after a mediation earlier this year and a Release of Claims was signed by all of the parties, including APUIT and Ms. Simmons. See Settlement Release, Exhibit C. As part of the settlement between APUIT and Ms. Simmons, payment was made to APUIT for the $129,000.00 that had been embezzled by Ms. Simmons. See Exhibit C. Following the settlement between APUIT and the defendants, the entire civil lawsuit filed by APUIT was dismissed. See Stipulation for Dismissal and Order of Dismissal, attached as Exhibit D. The settlement of the civil lawsuit, which

Reply to Opposition to
Notice of Satisfaction of Restitution Order
Gifford v. SIMMONS, Case No. A03-0019 CV
Page 2 of 6

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

specifically included payment of the entire sum that had been embezzled by Ms. Simmons, requires the satisfaction of Ms. Simmons' criminal restitution order.

Under 18 U.S.C. § 3664(j)(2) a restitution order "shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in any Federal civil proceeding." As was noted above, APUIT, which was the victim of Ms. Simmons' embezzlement, filed a civil lawsuit against Ms. Simmons. As a result of the settlement that was reached in that civil lawsuit, APUIT received compensatory damages from Ms. Simmons for the amount that she embezzled. Consequently the restitution order must be reduced by the amount that APUIT recovered as a result of its civil lawsuit. In this case, because APUIT has been made whole, the restitution order must be deemed to be satisfied.

The fact that the compensatory damages that APUIT recovered through its civil lawsuit were proceeds from an insurance company is irrelevant because the insurance payment came from insurance policies that insured Ms. Simmons and her employer, not APUIT. A reading of the language of 18 U.S.C. §3664(j)(1) indicates that that section of the statute refers to situations where the victim's insurance pays for a loss, not when a victim is compensated by insurance proceeds as a result of civil litigation, otherwise the inclusion of 18 U.S.C. §3664(j)(2) makes no sense.

The United States' reliance on <u>United States v. Follet</u>, 269 F.3d 996 (9th Cir. 2001), is misplaced, and has no authority in this case, because the Court in <u>Follet</u>

Reply to Opposition to
Notice of Satisfaction of Restitution Order
<u>Gifford v. SIMMONS</u>, Case No. A03-0019 CV
Page 3 of 6

was addressing restitution under a different criminal sexual abuse statute, 18 U.S.C. § 2248. The United States' reliance upon United States v. Cliatt, 338 F.3d 1089 (9th Cir. 2003) is also inapplicable to Ms. Simmons' case. In Cliatt, the restitution order from the trial court specifically ordered restitution to a third-party payee of medical benefits to the crime victim. 338 F.3d at 1090. In Cliatt the Court focused on the language of 18 U.S.C. §3663A(b)(2) which required payment of restitution for costs of medical treatment for bodily injury to crime victims. Id. at 1091. Furthermore, the Court noted that under 18 U.S.C. §3664(j)(1) there must be a specific restitution order for payment to a third-party payee. Id. at 1092.

In this case the original restitution order identified APUIT as the payee and ordered restitution to APUIT in the amount of $129,454.15. While APUIT may have take a position in favor of this restitution order at Ms. Simmons' sentencing hearing, it also took an additional step to recover its loss by filing its civil lawsuit against Ms. Simmons. The recovery of the embezzled funds as a result of the settlement of the civil lawsuit places this case under 18 U.S.C. §3664(j)(2) and requires that the original restitution order be reduced by the amount that was recovered from the civil lawsuit. There is no provision under §3664(j)(2) that requires reimbursement by Ms. Simmons to her insurance company, which paid for the settlement of the civil lawsuit.[1]

---

[1] As both an employee and part-owner of CALCO, Ms. Simmons was a holder of the insurance policies that defended and indemnified the civil claims.

Reply to Opposition to
Notice of Satisfaction of Restitution Order
Gifford v. SIMMONS, Case No. A03-0019 CV
Page 4 of 6

The United States Supreme Court has recognized that restitution is intended to restore a crime victim to the position he had before the crime was committed. Hughey v. United States, 495 U.S. 411, 416, 110 S.Ct. 1979, 1982 (1990). In this case the victim of the embezzlement was APUIT, which had a financial loss of $129,454.15 as a result of Ms. Simmons' embezzlement. The Restitution Order, which identified APUIT as the payee, was issued in the amount of $129,454.15. APUIT has now been made whole as a result of its civil lawsuit and it no longer has a financial loss. The civil lawsuit was against Ms. Simmons and payment of the settlement was made by Ms. Simmons' insurers, who insured both Ms. Simmons and her employer, CALCO. Those insurance companies have no "loss" in this case as their business is in insuring losses and premiums for that insurance were paid by Ms. Simmons through CALCO.

The United States received its "benefit" to the bargain made in the plea agreement with Ms. Simmons. She served her 15 month sentence and her supervised released. The "victim," APUIT, of Ms. Simmons' embezzlement has been made whole as a result of the settlement of the civil lawsuit. Consequently under 18 U.S.C. §3664(j)(2) Ms. Simmons' Restitution Order should be deemed satisfied.

DATED at Anchorage, Alaska, this 31st day of July, 2006.

                                                s/    Scott Hendricks Leuning
                                                CLAPP, PETERSON, VAN FLEIN
                                                TIEMESSEN & THORSNESS, LLC
                                                Attorneys for Plaintiffs

Reply to Opposition to
Notice of Satisfaction of Restitution Order
Gifford v. SIMMONS, Case No. A03-0019 CV
Page 5 of 6

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

711 H Street, Suite 620
Anchorage, Alaska 99501-3454
Tel: (907) 272-9272
Fax: (907) 272-9586
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Plaintiffs

<u>Certificate of Service</u>

I hereby certify that on July 31, 2006 a copy of the foregoing document was served electronically on daniel.cooperjrusdoj.gov and <u>mike_dieni@fd.org</u>.

<u>s/Barbara Pauli</u>

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Reply to Opposition to
Notice of Satisfaction of Restitution Order
<u>Gifford v. SIMMONS</u>, Case No. A03-0019 CV
Page 6 of 6