RECEIVED
APR 1 4 2003
RICHMOND & QUINN

DOCKETED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| RICK GIFFORD, JOHN GRUBICH and TOM HEALY, as fiduciaries of and solely for the benefit of the ALASKA PUBLIC UTILITIES INSURANCE TRUST,<br><br>Plaintiffs.<br><br>v.<br><br>CALCO, INC., D. BAILEY "CAL" CALVIN, JR. DIANA STEWART, and CAPRICE SIMMONS,<br><br>Defendants. | COMPLAINT<br><br>CASE NO.: A03-     CV (     )<br>A03-019 CV |

COME NOW Plaintiffs, by and through their attorneys of record, the Law Offices of Michael J. Schneider, P.C., and for their Complaint against Defendants, and each of them, allege as follows:

## I. JURISDICTION AND VENUE

1. As appears more fully below, this matter is one governed by the terms of ERISA, 29 USC §1001 *et seq.*. The Federal District Court thus has exclusive jurisdiction of the claims asserted herein under 29 USC §1132 (e)(1).

2. The Federal District Court for the District of Alaska at Anchorage is the proper venue for this action because

    (a) the plan is administered in Anchorage, Alaska, some or all of the breaches of duty complained of herein took place in Anchorage, Alaska; and/or

    (b) Defendants both reside and/or may be found in Anchorage, Alaska. See 29 USCA §1132 (e)(2).

MICHAEL J. SCHNEIDER, P.C.
LAW OFFICES
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

3. The Federal District Court for the District of Alaska has jurisdiction to grant the relief requested herein without regard to the amount in controversy or the citizenship of the parties under the authority of 29 USCA §1132 (f).

## II. PARTIES/STANDING TO SUE AND BE SUED

4. The Alaska Public Utilities Insurance Trust (hereinafter "APUIT") is a health trust providing health benefits (employee welfare benefits) to the employees of the various employers making up the trust. The trust is subject to the Employee Retirement Income Security Act of 1974, as amended. The trust is defined by a trust document entitled "Amended Agreement and Declaration of Trust of Alaska Public Utilities Insurance Trust."

5. The health benefits provided to employees are part of a "plan" within the meaning of ERISA (hereinafter "plan" or "the plan").

6. Plaintiffs herein are fiduciaries of the trust and plan, under 29 USCA §1132 (a)(2) and/or (3) and Article 1 §A paragraph 1.14 of the trust document, and are thus in all ways qualified to bring this action.

7. CALCO, INC., D. BAILEY "CAL" CALVIN, JR., DIANA STEWART, and CAPRICE SIMMONS (hereinafter "defendants") were, under the terms of Article 1 §A, paragraph 1.14 of the trust document, and 29 USCA §1109 (a) "fiduciar[ies]" with respect to the plan.

## III. BREACH OF FIDUCIARY DUTY BY DEFENDANTS

8. Defendants, and each of them, breached their fiduciary duties to the plan and committed professional malpractice in and by failing, without limitation to:

   (a) insure Defendants herein, and/or APUIT Committee Members, as demanded by 29 USC §1112 and/or in conformity with the requirements of 29 CFR §2580.412-1 *et seq*,

   (b) define the scope of yearly audits of the plan,

   (c) properly apply the terms of the plan to claims made against the plan,

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

*Gifford et al. v. CALCO et al.*
*Complaint*

EXHIBIT A
PAGE 2 OF 4

2

(d) report possible, probable, or suspected acts of theft or dishonesty to Plaintiffs,

(e) remedy to the plan the consequences of dishonest acts and practices,

(f) remedy to the plan the consequences of Defendants' professional malpractice,

(g) Handle and process "stop loss" claims in accordance with the terms of the plan and Defendants' duties,

(h) apply the terms of the plan to claims made against it so as to avoid overpayments to plan beneficiaries.

9. As a direct and proximate result of the conduct complained of above, the plan, on whose behalf Plaintiffs bring this action, has suffered losses, the specific nature and amount to be proved at trial, but at least, the following:

(a) in the approximate amount of $87,415.84 associated with the Defendants' handling of "stop loss" coverage and the plan's ultimate exposure therefore for calendar year 2001.

(b) in the amount of approximately $176,000.00 in over payments to plan beneficiaries, and

(c) in the amount of approximately $130,000.00 in losses directly related to an embezzlement scheme consummated by Caprice Simmons.

10. APUIT and Plaintiffs herein have incurred attorneys fees and costs in an undetermined amount as a direct and proximate result of the conduct complained of herein and should be reimbursed for the actual and reasonable amount thereof.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

(a) For special damages, according to proof at trial, associated with breach of professional responsibility and fiduciary duty by Defendants, or any of them.

(b) For actual attorneys fees and costs incurred as a consequence of the wrongful acts of Defendants, or any of them.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

(c)  For such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 23 day of January, 2003.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.

*signature*

Michael J. Schneider
Attorney for Plaintiffs
Alaska Bar No.: 7510088

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

Gifford et al. v. CALCO et al.
Complaint

EXHIBIT A
PAGE 4 OF 4

4