IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

RICK GIFFORD, JOHN GRUBICH and )
TOM HEALY, as fiduciaries of and solely )
for the benefit of the ALASKA PUBLIC )
UTILITIES INSURANCE TRUST, )
                                   Plaintiffs, )
                  v. )
CALCO, INC., D. BAILEY "CAL" CALVIN, )
JR., DIANA STEWART, and CAPRICE )
SIMMONS, )
                                Defendants. ) Case No. A03-019 CV (RRB)
_____)

### ANSWER OF DEFENDANT CAPRICE SIMMONS

Defendant Caprice Simmons, by and through her attorneys, Clapp, Peterson & Stowers, LLC, answers and responds to Plaintiffs' Complaint as follows:

1. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies the same, and further, answering Defendant alleges she does not presently reside in Anchorage, Alaska.

EXHIBIT B
PAGE 1 OF 8

Answer of Defendant Caprice Simmons
Gifford et al. v. Simmons et al., Case No. A03-0019 CV (RRB)
Page 1 of 4

3. The allegations in Paragraph 3 of the Complaint state a legal conclusion for which no answer is required.

4. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

5. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies the same.

6. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies the same.

7. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies the same.

8. As to (d): Answering Defendant admits the allegations contained in Paragraph 8(d). As to (e): Answering Defendant has been ordered to pay restitution to remedy the consequences of the acts for which she was charged and to which she pled guilty. Answering Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. As to (c): Answering Defendant admits that the plan suffered losses as a result of the act for which she was charged and to which she pled guilty.

Clapp, Peterson & Stowers, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3442
(907) 272-9272 fax (907) 272-9586

Answer of Defendant Caprice Simmons
Gifford et al. v. Simmons et al., Case No. A03-0019 CV (RRB)
Page 2 of 4

EXHIBIT B
PAGE 2 OF 8

Answering Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Answering Defendant denies the allegations contained in Paragraph 10 of the Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiffs' damages, if any, apart from the amount that was embezzled, were not caused by Answer Defendant, but were caused in whole or in part by the acts or omission of other persons or entities, for which Answering Defendant bears no responsibility.

3. Plaintiffs failed to mitigate their alleged damages.

4. Plaintiffs' claims are barred by the doctrine of latches, waiver, and estoppel.

5. Answering Defendant reserves the right to assert such other and further affirmative defenses as are revealed during the course of discovery.

WHEREFORE, having fully answered Plaintiffs' Complaint, Answering Defendant Caprice Simmons prays that said Complaint be dismissed with prejudice, that she be awarded her costs and attorney's fees incurred in the

defense of said Complaint, and that the Court award such other and further relief as is just and appropriate under the circumstances.

DATED at Anchorage, Alaska, this 28 day of May, 2003.

        CLAPP PETERSON & STOWERS, LLC
        Attorneys for Caprice Simmons

By_____
    Craig F. Stowers, #8511210

Certificate of Service:

I certify that a copy of this document was mailed _____, faxed __X__, hand delivered __X__ on May June 16, 2003, to the following:

Michael J. Schneider, Esq.
880 N Street, Suite 202
Anchorage, AK 99501

Douglas Parker
Preston, Gates & Ellis, LLP
420 L Street, Suite 400
Anchorage, AK 99501

By:_____

EXHIBIT B
PAGE 4 OF 8

Answer of Defendant Caprice Simmons
<u>Gifford et al. v. Simmons et al.</u>, Case No. A03-0019 CV (RRB)
Page 4 of 4

Clapp, Peterson & Stowers, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3442
(907) 272-9272 fax (907) 272-9586

Robert C. Bundy, ABA #7206021
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for CALCO, Inc., D. Bailey
"Cal" Calvin, Jr. and Diana Stewart

RECEIVED 2003 APR -9 PM 4 29
APR 1 4 2003
HD 3:40
RICHMOND & QUINN

DOCKETED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| RICK GIFFORD, JOHN GRUBICH and TOM HEALY, as fiduciaries of and solely for the benefit of the ALASKA PUBLIC UTILITIES INSURANCE TRUST,<br><br>Plaintiffs<br><br>vs.<br><br>CALCO, INC., D. BAILEY "CAL" CALVIN, JR., DIANA STEWART, and CAPRICE SIMMONS,<br><br>Defendants | Case No. A-03-019 CV |

HAND DELIVERED
APR 1 0 2003
DORSEY & WHITNEY L.L.P.
ANCHORAGE

### ANSWER

COME NOW Defendants, CALCO, Inc., D. Bailey "Cal" Calvin, Jr. and Diana Stewart ("Defendants") by and through their attorneys, Dorsey & Whitney LLP, and answer Plaintiffs' Complaint as follows:

EXHIBIT B
PAGE 5 OF 8

Answer
Page 1 of 4

Gifford, et al. v. CALCO, Inc., et al.
A-03-019 CV

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

1. Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore deny them.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore deny them, except that Defendants Calvin and Stewart admit that they both reside and/or may be found in Anchorage, Alaska and that CALCO, Inc. does business in Anchorage, Alaska.

3. The allegations of Paragraph 3 of the Complaint state a legal conclusion for which no answer is required.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore deny them.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore deny them.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore deny them.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore deny them.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

EXHIBIT B
PAGE 6 OF 8

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Answer
Page 2 of 4

Gifford, et al. v. CALCO, Inc., et al.
A-03-019 CV

10.  Defendants deny the allegations contained in Paragraph 10 of the Complaint.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.  Plaintiffs' damages, if any, were not caused by Defendants, but were caused in whole or in part by the acts or admission of other persons or entities, including auditors, brokers, and accountants, for which Defendants bear no responsibility.

3.  Plaintiffs failed to mitigate their alleged damages.

4.  Plaintiffs' claims are barred by the doctrines of latches, waiver and estoppel.

5.  Defendants reserve the right to assert such other and further affirmative defenses, and join such other parties who bear responsibility for the acts complained of in Plaintiffs' Complaint, as they are revealed during the course of discovery.

WHEREFORE Defendants request that this Court enter an Order:

1.  Dismissing Plaintiffs' Complaint against Defendants;

2.  Awarding Defendants costs and attorneys' fees; and

3.  Affording Defendants such other and further relief as is just.

DATED this 9 day of April, 2003, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By: _____
Robert C. Bundy, ABA #7206021

EXHIBIT B
PAGE 7 OF 8

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Answer
Page 3 of 4

Gifford, et al. v. CALCO, Inc., et al.
A-03-019 CV

CERTIFICATE OF SERVICE

This certifies that on the 9th day of April, 2003, a copy of the foregoing document was served via fax & mail on:

Michael J. Schneider, Esq.
880 N Street, Suite 202
Anchorage, Alaska 99501
Fax: 274-8201

*Patricia Olmstead*
Certification Signature

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Answer
Page 4 of 4

EXHIBIT B
PAGE 8 OF 8
Gifford, et al. v. CALCO, Inc., et al.
A-03-019 CV