UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) | 3:02-cr-00029 JWS |
| vs. | ) ) | ORDER FROM CHAMBERS |
| CAPRICE M. SIMMONS, | ) ) | [Re: Motion at docket 9] |
| Defendant. | ) ) ) | |

## I. MOTION PRESENTED

At docket 9, defendant Caprice M. Simmons ("Simmons") filed what she styled a "notice of satisfaction" indicating that she believes the restitution obligation imposed in this court's judgment has been satisfied. The United States disagreed and filed an opposition, to which Simmons then filed a reply. The matter has been fully briefed, no party has requested oral argument, and it would not be of assistance to the court.

To avoid confusion, the reader needs to be aware that when the clerk reopened this case to allow for the processing of papers received long after the original judgment was entered and the case closed, the re-opening entry was given docket number 7 in the Electronic Case Filing system (a system instituted some years after this case was originally closed). As a result, where in the discussion below the court references higher docket numbers than those which exist on the ECF docket, the references are to the original docket numbers used prior to the closing of the case and its subsequent re-opening in the ECF system.

## II. BACKGROUND

On September 12, 2002, Simmons pled guilty pursuant to a plea agreement to one count of health care fraud in violation of 18 U.S.C. § 1347 and one count of theft in connection with health care in violation of 18 U.S.C. § 669(a). Simmons was an employee of Calco, Inc. which provided health care benefit processing services to the Alaska Public Utilities Insurance Trust ("APUIT"), among others. She devised a scheme to defraud APUIT, which is described as follows in her plea agreement:

> Simmons would prepare a false claim to APUIT for health care services for herself or one of her eligible dependents, which health care service was never rendered. Simmons then submitted the false claim to APUIT through Calco, Inc. and processed the claim herself. Simmons then generated an Explanation of Benefits (EOB) and a check for payment of the amount set forth on the EOB. These false documents were filed in the records of Calco, Inc. to support the payment of money on the claim. Simmons would then cash the check or deposit the check in her own account, thereby obtaining the money of APUIT through a false statement.[1]

On November 1, 2002, Simmons was sentenced to serve a term of 15 months in custody, followed by 3 years of supervised release. Her sentence also included an obligation to pay restitution to APUIT in the amount of $129,454.15.[2]

Later, the APUIT trustees filed suit against Calco, Inc., D. Baily Calvin, Jr., Diana J. Stewart, and Simmons in this court seeking to recover the sums that Calco's employee Simmons had stolen.[3] Eventually, that litigation was settled. The terms of the settlement involved a large payment to plaintiffs and included an acknowledgment that the entire restitution obligation imposed by this court in the case at bar had been satisfied.[4]

---

[1] Plea Agreement, doc. 25 at p. 12.

[2] Amended Judgment, doc. 40 at p. 5.

[3] *Gifford, et al v. Calco, Inc., et al.*, 3:03-cv-019 RRB.

[4] Settlement Agreement and Release of Claims, exhibit A to ECF doc. 9 at ¶ 4.

## III. DISCUSSION

It is not disputed that APUIT has now recovered the full amount of restitution which this court ordered Simmons to pay to it. However, most of the money was recovered from third parties when APUIT's civil lawsuit was settled. The United States contends that Simmons' restitution obligation remains outstanding, with no change other than a shift in the identity of the beneficiary of that obligation from APUIT to those who paid to settle the civil case.

This court has no inherent authority to order restitution in criminal cases; such authority as it may have is derived from statutory law.[5] The restitution obligation in this case was imposed pursuant to the mandatory restitution obligation created by Congress and codified at 18 U.S.C. § 3663A, *et seq*. The statutory scheme governing this form of restitution includes specific instructions relating to third parties. Where, as was not the case here, a third party has paid compensation to the crime's victim prior to the order of restitution, the court must order payment of restitution to that third party.[6] On the other hand, when the restitution or portion thereof is subsequently recovered by the victim in a civil suit in federal court, the restitution "shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim."[7]

The United States takes the position that the Ninth Circuit decisions in *United States v. Follett*[8] and *United States v. Cliatt*[9] support the proposition that Simmons' restitution obligation remains extant despite the fact that the outstanding balance of the obligation was paid as a result of the civil lawsuit. The position advocated by the United States is plainly contrary to the language of the statute quoted above. This court finds

---

[5] *United States v. Follett*, 269 F.3d 996, 998 (9th Cir. 2001).

[6] 18 U.S.C. § 3664(j)(1).

[7] 18 U.S.C. § 3664(j)(2).

[8] 269 F. 3d 996 (9th Cir. 2001).

[9] 338 F.3d 1089 (9th Cir. 2003).

nothing in the cases cited to support the proposition that the statute does not mean what it says. Neither of them even addresses the pertinent statutory language.

It may seem "unfair" for the statutory scheme to distinguish between third parties who pay a victim before the criminal judgment is entered and those who pay afterward as a result of civil litigation. On the other hand, it cannot be doubted that the statute which creates and circumscribes this court's restitution power does precisely that. Perhaps Congress expected third parties who do not act before the judgment is entered in a criminal prosecution to pursue and protect their own interests in any subsequent lawsuit. Whatever the reason, this court must abide the parameters of the restitution power Congress has given it.

## IV. CONCLUSION

For the reasons set out above, the motion at docket 9 is **GRANTED**. The restitution obligation contained in this court's judgment at docket 40 has been satisfied.

DATED at Anchorage, Alaska, this 8th day of August 2006.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE